# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL STAUFFER, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| VERDE ENERGY USA, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

CRYSTAL STAUFFER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VERDE ENERGY USA, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in York, Pennsylvania 17401.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that does business in Pennsylvania and maintains its principle place of business at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut 06851.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Plaintiff never gave permission to Defendant to call her cellular telephone.

13. Plaintiff never furnished Defendant with her cell number and never

2

authorized Defendant to call her.

14. Beginning in or around late March or early April 2015, and continuing through at least late June 2015, Defendant called Plaintiff on her cellular telephone.

15. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages when calling Plaintiff on her cellular telephone

16. Defendant called Plaintiff looking for "the person who pays the electric bill."

17. Plaintiff does not pay the electric bill.

18. Defendant's telephone calls were not made for "emergency purposes."

19. When Defendant first began to call, Plaintiff told Defendant's representatives to stop calling as she was not the individual it sought, as she did not have an electric bill.

20. Although Plaintiff's revocation was heard, Defendant never updated its records to stop calling Plaintiff.

21. Rather, Defendant ignored Plaintiff's instructions to stop and continued to call Plaintiff on her cellular telephone.

22. Most recently, Defendant called Plaintiff on June 26, 2015.

23. Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

26. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, specifically in late March 2015 and thereafter, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRYSTAL STAUFFER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CRYSTAL STAUFFER, demands a jury trial in this case.

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
| DATED: 08-07-15 | KIMMEL & SILVERMAN, P.C. |
|   | By: */s/ Craig Thor Kimmel*_____<br>CRAIG THOR KIMMEL<br>Attorney ID # 57100<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Fax: (877) 788-2864<br>Email: kimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT